**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                                    No. 03-4076

GARFIELD ORLANDO MORRISON,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Henry E. Hudson, District Judge.
(CR-02-221)

Submitted: June 26, 2003

Decided: October 20, 2003

Before LUTTIG and SHEDD, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

C. David Whaley, MORCHOWER, LUXTON & WHALEY, Richmond, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Peter S. Duffey, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Garfield Orlando Morrison was convicted by a jury of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841 (2000). He was subsequently sentenced to 151 months' imprisonment. On appeal, Morrison challenges the sufficiency of evidence to support his conviction and, based upon *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the district court's denial of his proposed jury instructions stating that the government must prove that he knew the exact nature of the substance distributed. We affirm.

Morrison first argues that there was insufficient evidence to support his conviction. To determine whether there was sufficient evidence to support a conviction, this court considers whether, taking the evidence in the light most favorable to the Government, any reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Glasser v. United States*, 315 U.S. 60, 80 (1942). This court does not weigh the evidence or determine the credibility of the witnesses. Rather, the jury verdict must be upheld if there is substantial evidence to support the verdict. *Id.*; *United States v. Murphy*, 35 F.3d 143, 148 (4th Cir. 1994). Given these standards, we find that the evidence was sufficient to convict Morrison.

Morrison next argues that under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the district court erred by refusing to give his requested jury instructions to the effect that in order to convict him of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841 (2000), the government had to prove his knowledge of the drug's identity as an element of the offense.

Morrison's *Apprendi* argument is without merit. In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed

statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." 530 U.S. at 490. Because Morrison was sentenced to 151 months' imprisonment, and the statutory maximum penalty for an unspecified quantity of any form of cocaine is twenty years, *see* 21 U.S.C. § 841(b)(1)(C) (2000), the *Apprendi* ruling is not triggered in this case. In any event, Morrison's reliance on *Apprendi* is simply misplaced. In this case, the indictment specifically charged that "MORRISON did knowingly, intentionally, and unlawfully possess with the intent to distribute and distribute in excess of fifty (50) grams of a mixture and substance containing detectable amounts of cocaine base . . . ." (J.A. 8). Furthermore, the jury instructions included the specific charge as stated in the indictment. Finally, the jury found Morrison "guilty as charged in Count 1 of the indictment," (J.A. 174), and in fact, returned a special verdict finding "that the substance in question is cocaine base . . . ." *Id.* The jury made the very finding Morrison argues was necessary for his conviction. In short we find no *Apprendi* violation in this case based upon the district court's refusal to instruct the jury that in order to convict Morrison of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841 (2000), the government had to prove his knowledge of the drug's identity as an element of the offense.

Accordingly, we affirm Morrison's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*